## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

REGINALD L. McCOY,

     Plaintiff,

-vs-                                Case No. 8:13-cv-130-T-30MAP

ROBERT W. GENZMAN, USA, et al.,

     Defendants.

_____/

### ORDER

     Plaintiff is a federal prisoner proceeding *pro se* in this civil rights action filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (providing for a cause of action against federal officers for violating a party's federal constitutional rights) (Dkt. 1). The complaint has been reviewed as is required by 28 U.S.C. § 1915A.[1]

     Plaintiff's conviction was entered in this district by The Honorable Elizabeth A. Kovachevich on June 1, 1991. Case No. 8:90-CR-132-T-17EAJ (M.D. Fla. 1991). In his *Bivens* complaint, Plaintiff alleges that the Defendants, the federal prosecutors who

---

[1]§ 1915A states in pertinent part that

   (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

   (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
     (2) seeks monetary relief from a defendant who is immune from such relief.

prosecuted him, lacked authorization from the Department of Justice to prosecute his criminal case.  He further alleges that Defendants knew that they did not have jurisdiction to prosecute him.   As relief, Plaintiff requests "an investigation into the misconduct of the defendants, and impose the appropriate sanctions and penalties required for such violations."

Initially, to the extent the complaint can be liberally construed as seeking monetary damages against Defendants, "[a] prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983." *Elder v. Athens-Clarke County, Ga. ex rel. O'Looney*, 54 F.3d 694, 695 (11th Cir. 1995).  The complaint concedes that Plaintiff was charged and convicted under federal law, specifically, 21 U.S.C. §§ 841(a)(1) and 846 for crack cocaine offenses (Dkt. 1 at 2).  Therefore, the federal government had jurisdiction to prosecute him.  *See United States v. Singletary*, 345 Fed. Appx. 466, 468 (11th Cir. 2009) (unpublished) ("The indictment here alleged a violation of a federal law. Therefore, we conclude that the federal government had authority to prosecute Singletary, and the district court had jurisdiction to hear the case.").  Accordingly, Defendants are entitled to immunity from any claim for damages.

Finally, this Court has no authority to order an investigation of Defendants' decision to prosecute Plaintiff, or impose criminal sanctions or penalties against them.  *See Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another").  Moreover, even if the

Court did have that authority, there is nothing to investigate because Defendants had authority to prosecute Plaintiff.

**ACCORDINGLY**, the Court **ORDERS** that:

1.     The complaint is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

2.     The **Clerk** shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida on January 18, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff

3